```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

| | |
|---|---|
| TRACEY W., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 24-cv-01140-TMP |
| ) | |
| FRANK J. BISIGNANO,[1] ) | |
| ACTING COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
|     Defendant. ) | |

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

On July 9, 2024, Tracey W. ("Plaintiff") filed a Complaint seeking judicial review of a Social Security decision.[2] (ECF No. 1.) Plaintiff seeks to appeal the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Title II disability benefits. (ECF No. 17 at PageID 1.) For the following reasons, the decision of the Commissioner is AFFIRMED.

---

[1]Frank Bisignano became the Acting Commissioner of the Social Security Administration on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano will be substituted for Martin O'Malley as the defendant in this suit.

[2]After the parties consented to the jurisdiction of a United States magistrate judge on September 30, 2024, this case was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 13.)

## I.  BACKGROUND

On September 21, 2020, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 404-434, and a Title XVI application for supplemental security income (ECF No. 10 at PageID 17.) The application, which alleged an onset date of March 24, 2020, was denied initially and on reconsideration. (Id.) Plaintiff then requested a hearing, which was held before an Administrative Law Judge ("ALJ") via telephone on July 14, 2023. (Id.)

After considering the record and the testimony given at the hearing, the ALJ used the five-step analysis to conclude that Plaintiff was not disabled. (Id. at PageID 28.) At the first step, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of March 24, 2020. (Id. at PageID 19.) At the second step, the ALJ concluded that Plaintiff had the following severe impairments: "bilateral knee osteoarthritis status post left knee arthroscopy; right shoulder impingement; and obesity." (Id. at PageID 20.)

At the third step, the ALJ concluded that Plaintiff's impairments did not meet or medically equal, either alone or in the aggregate, the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id. at PageID 22.)

Accordingly, the ALJ then had to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform past relevant work or could adjust to other work. The ALJ found that Plaintiff:

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [she] can lift and/or carry twenty pounds occasionally and ten pounds frequently. [She] can stand, walk and sit for six hours each, in an eight-hour day. [Plaintiff] can push and pull and gross and fine dexterity are unlimited except for occasionally pushing and pulling with the bilateral lower extremities. [She] can occasionally climb stairs but cannot climb ladders or run. [Plaintiff] can occasionally bend, stoop, crouch, balance and squat but cannot crawl or twist. [She] can have occassioanl [sic] exposure to heights and dangerous machinery.

(Id. at PageID 23.) Pursuant to 20 C.F.R. § 404.1567(b), light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." Additionally, light work includes jobs "requir[ing] a good deal of walking or standing, or [that] involve[] sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

In reaching the RFC determination, the ALJ discussed Plaintiff's testimony and the medical evidence in the record. The ALJ summarized Plaintiff's testimony as follows:

> [Plaintiff] reported having bilateral knee arthritis. She reported she has left knee surgery. The claimant reported having shoulder pain. [She] reported taking over-the-counter medication which causes liver and stomach pains. In addition, [she] reported having

> difficulty lifting, squatting, bending, standing, reaching, walking, kneeling and climbing stairs. She reported using crutches, cane and walker.... [and] testified she can sit for thirty minutes and stand for twenty minutes. She testified she can lift twenty pounds.

(ECF No. 10 at PageID 24.)

On September 6, 2023, the ALJ issued a decision detailing the findings summarized above. The Appeals Council denied Plaintiff's request for review. (Id. at PageID 1.) Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner under § 1631(c)(3) of the Act. On appeal, Plaintiff argues that the ALJ incorrectly evaluated her RFC and did not sufficiently account for the effect of obesity on Plaintiff's ability to perform routine movements and necessary work activities.

## II.  ANALYSIS

### A.  Standard of Review

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which they were a party. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision and whether the Commissioner used

- 4 -

the proper legal criteria in making the decision. Id.; Cardew v. Comm'r of Soc. Sec., 896 F.3d 742, 745 (6th Cir. 2018); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389 (1971)). In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record as a whole and "must 'take into account whatever in the record fairly detracts from its weight.'" Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990) (quoting Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984)). If substantial evidence is found to support the Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support a decision the other way." Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994) (quoting Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012) (citing Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007)). Rather, the Commissioner, not the court, is charged with the duty

to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997); Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990).

**B.   The Five-Step Analysis**

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). Additionally, section 423(d)(2) of the Act states that:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Id. § 423(d)(2). Under the Act, the claimant bears the ultimate burden of establishing an entitlement to benefits. Oliver v. Comm'r of Soc. Sec., 415 F. App'x 681, 682 (6th Cir. 2011). The initial burden is on the claimant to prove she has a disability as defined by the Act. Siebert v. Comm'r of Soc. Sec.,

105 F. App'x 744, 746 (6th Cir. 2004) (citing Walters, 127 F.3d at 529); see also Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990). If the claimant is able to do so, the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Born, 923 F.2d at 1173; see also Griffith v. Comm'r of Soc. Sec., 582 F. App'x 555, 559 (6th Cir. 2014).

Entitlement to social security benefits is determined by a five-step sequential analysis set forth in the Social Security Regulations. See 20 C.F.R. §§ 404.1520, 416.920. First, the claimant must not be engaged in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b), 416.920(b). Next, a finding must be made that the claimant suffers from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(5)(ii). Third, the ALJ determines whether the impairment meets or equals the severity criteria set forth in the Listing of Impairments contained in the Social Security Regulations. See id. §§ 404.1520(d), 404.1525, 404.1526. If the impairment satisfies the criteria for a listed impairment, the claimant is considered to be disabled. Id.

On the other hand, if the claimant's impairment does not meet or equal a listed impairment, the ALJ must undertake the fourth step in the analysis and determine whether the claimant has the RFC to return to any past relevant work. See id. §§ 404.1520(a)(4)(iv), 404.1520(e). If the ALJ determines that the

claimant can return to past relevant work, then a finding of "not disabled" must be entered. Id. If, however, the ALJ finds the claimant unable to perform past relevant work, then at the fifth step the ALJ must determine whether the claimant can perform other work existing in significant numbers in the national economy. See id. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 416.960(c)(1)-(2). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. Id. § 404.1520(a)(4).

**C. Articulation of the Effects of Obesity**

Plaintiff argues that the ALJ did not correctly apply relevant Social Security regulations when determining her RFC, and that the resulting determination is not supported by substantial evidence. Plaintiff claims the ALJ did not "consider the limiting effects of obesity" and did not sufficiently assess the RFC to "show the effect obesity has on [Plaintiff's] ability to perform routine movement and necessary physical activity within the work environment" as required by Social Security Ruling 19-2p, 2019 SSR LEXIS 2. (ECF No. 17 at PageID 23.)

Social Security Rulings are "binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1). They constitute "public precedential decisions" relating to the Administration's interpretations of law and regulations and dictate how certain laws and regulations are applied. Social

Security Ruling 19-2p, 2019 SSR LEXIS 2, at *1 (May 20, 2019). Both Plaintiff and the government agree that SSR 19-2p, 2019 SSR LEXIS 2, which articulates how the Administration establishes "that a person has a medically determinable impairment of obesity and how [they] evaluate obesity in disability claims under Titles II and XVI of the Social Security Act," applies. Id. SSR 19-2p, 2019 SSR LEXIS 2 requires an ALJ to "consider the limiting effects of obesity when assessing a person's RFC." 2019 SSR LEXIS 2 at *12. The Ruling notes that "the combined effects of obesity with another impairment(s) may be greater than the effects of each of the impairments considered separately" and requires ALJs to "explain how [they] reached [their] conclusion on whether obesity causes any limitations." Id.

Where a plaintiff disagrees that the analysis of obesity is adequate, they must further meet the "burden of showing specifically how [their] obesity, in combination with other impairments, limited [their] ability to a degree inconsistent with the ALJ's RFC." Lumpkin, 2021 U.S. Dist. LEXIS 208622 at *7. Plaintiff argues that the ALJ "merely invoking SSR 19-2p and stating that 'I have considered it in evaluating the claimant's [RFC]' is not enough to fulfill the requirements" and thus fails to adequately explain how he considered Plaintiff's obesity. (ECF No. 17 at PageID 24.)

In the analysis of Plaintiff's medical history to determine her RFC, it is clear the ALJ followed the commands of SSR 19-2p, 2019 SSR LEXIS 2. The ALJ posits:

> In considering [Plaintiff's] symptoms, I must follow a two-step process in which it must first be determined whether there is an underlying medically determinable physical or mental impairment(s)—i.e., an impairment(s) that can be shown by medically acceptable clinical or laboratory diagnostic techniques that could reasonably be expected to produce the claimant's pain or other symptoms. Second, once [such] an underlying physical or mental impairment(s). . . has been shown, I must evaluate the intensity, persistence, and limiting effects of [Plaintiff's] symptoms to determine the extent to which they limit [her] work-related activities. For this purpose, whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, I must consider other evidence in the record to determine if [her] symptoms limit the ability to do work-related activities.

(ECF No. 10 at PageID 23.) Synthesizing the medical evidence, Plaintiff's own allegations of symptoms, and the observations of her healthcare providers, the ALJ explicitly outlines that:

> claimant's conditions are further compounded by her diagnosis of obesity which is consistent with exertional and nonexertional limitations. However, the claimant is able to perform within the above [RFC]. Despite alleging disabling pain, providers routinely noted she was in no acute distress [and] had normal physical examinations. During the consultative examination, she had a full range of motion of her knees and right shoulder. She had full strength bilateral lower and upper extremities [and] had a normal gait. The claimant was also able to get up and out of a chair, and on and off an exam table without difficulty. Upon examination, she had a full range of motion of all joints. [She] also had full strength in her bilateral upper and lower extremities.

(internal citations omitted) (Id. at PageID 25; 26.)

This is a clear conclusion that Plaintiff's obesity did not cause further limitations, as supported by "the totality of the lay and medical evidence." (Id. at PageID 27.) SSR 19-2p, 2019 SSR LEXIS 2 merely requires that obesity be considered, and that the conclusion reached regarding its effects be explained. Here, the ALJ recognized that Plaintiff's obesity caused some limitations but explained why it did not interfere with her capacity for light level work. To support this decision, the ALJ also notes:

> [Plaintiff] admitted to activities of daily living including household chores, working parttime, shopping for personal items, performing self-care activities such as dressing and bathing, socializing with others, and displaying sufficient concentration and attention to drive. Some of the physical and mental abilities and social interactions required in order to perform these activities were the same as those necessary for obtaining and maintaining employment. I find [her] ability to participate in such activities was inconsistent with her allegations of functional limitations.

(internal citations omitted) (Id. at PageID 25.)

Plaintiff has not made any argument about how her obesity in combination with other symptoms limited her ability more than the ALJ's RFC determination. The ALJ here already indicated that he acknowledged and weighed the evidence of Plaintiff's subjective pain and symptoms due to her obesity. He subsequently classified her RFC to perform light work, which renders her "capable of performing past relevant work as a housekeeper. This work does not

require the performance of work-related activities precluded by [her RFC]." (Id. at PageID 27.)

Plaintiff's burden requires her to specify symptoms that her obesity exacerbated, but she has not sufficiently done so. Her allegations of symptoms are neither entirely consistent with medical evidence and other evidence in the record, nor has she proposed additional limitations that were missing from the ALJ's findings. Plaintiff does not dispute any other aspect of the ALJ's decision. As such, because Plaintiff has failed to meet this burden and because the ALJ explicitly considered how Plaintiff's obesity impacted her other impairments and reduced her RFC, the ALJ's determination was supported by substantial evidence.

### III. CONCLUSION

For the reasons described above, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

September 9, 2025
Date